Henderson, Judge.
 

 The Judge, in his directions to the Jury, distinguishes between cases where the law reserves interest upon the contract, and those in which the Jury, in their discretion, may allow it. He decides, that in the first case, the law applies the payment pr i-marily, to the discharge of the interest, the balance of it, if any, to the extinguishment of the principal. In the second, that the law applies the payment to the principal alone 5 that the Jury cannot make a different application 5 and that if the payments amount to the principal, the interest being only an incident, and no part of the debt, is entirely lost.
 

 I am not apprized of any such positive rule. If by law a debt bears interest, and a payment is made, the law applies the payment first-to the discharge of the interest. If it is left by law, to the discretion of the Jury to give interest, or not, according to the circumstances of the case, and a payment is made — the payment is to
 
 *343
 
 be applied to the interest, if the Jury should allow it, in the same, manner as if the iaw reserved 'interest upon the contract. Determine the fact that, interest
 
 is
 
 to be paid, whether it arises from the. imperative injunctions of the law, or the discretion of the Jury in the particular case, and the. result is the same— the law applies the payment to (he interest. It 'is tin-like the case, where a person is indebted in two debts, or two
 
 ways;
 
 there the debtor may apply the. payment at the time of making it, as he
 
 pleases
 
 — Gujus
 
 est dare, ejus est disponere.
 
 If he fail to direct its application, the right of doing so devolves upon the creditor. Not so in cases of the kind before, us; the application is made, by law1, and depends upon the facts of the case — if there is interest due it shall be first extinguished , And it. is immaterial, whether this fact be settled by law
 
 a priori,
 
 or allowed afterwards upon the adjustment of the account.
 

 If the Judge is correct, it would be -in the power of a debtor, in such cases, to avoid payment of the interest, by making a fender and bringing the money into Court— for that amounts to a payment, and the creditor is bound to receive his debt, although he protests the whole time, that interest is due, and refuses the sum tendered. Even after action brought, the nett sum may be brought into Court under the common rule., and the same result obtained. I cannot believe that such is the law.
 

 Much is conceded in support of the Judge’s opinion, to allow that there are in England, any cases, where it is imperative upon the Jury to allow
 
 interest;
 
 and even here, although our act of 1786 declares, that debts of a certain kind shall bear interest, yet neither that nor any other act declares, at what rate, interest shall he given. The act of 1741 prohibits the taking more than six per cent. \Yithiu that sum, the amount to he allowed is left, to the agreement of the parties, or the discretion of the Jury. The law of England is the same, as to the
 
 *344
 
 ]a(tcr point, and silent on the former, ft is true, both us Etts>*!and, that it follows as a matter of course, to allow interest in certain cases ; but títere, and even here, in extreme cases, Juries, under the directions of the Court, hate departed from this common custom.
 
 (Child
 
 v.
 
 Devereux, 1 Murph.
 
 398). It is, in our Courts, a-well settled rule, that interest shall be paid whenever the debt is ascertained, the amount known to the debtor, and (he tinte of payment fixed. In this case, nothing was wanting but the signature of the Defendant, to bring it completely within the act of 1786. The account was stated, the balance struck, the' paper endorsed as a settlement between the parties, and this all in the handwriting of the Defendant. When our rule, before, mentioned, shall have received the sanction of time, and a distinction shall be attempted between debts imperatively bearing interest, and those which do, or do not, according to the discretion of the Jury, there will be no difficulty in classing such a debt as this. In England, those cases in which interest follows of course, had precisely the same beginning, arid now its allowance is so well established, that within a few years, a
 
 Jury
 
 is dispensed with, anti it is referred to the Clerk, upon a default, to ascertain the amount.
 

 Per Curiam.; — Judgment reversed.